IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SCOTT R. DUCEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CV-102-MJR |
| | ) | |
| JULIUS FLAGG, Assistant | ) | |
| Warden, ADRIEN FEINERMAN, | ) | |
| FARANZA SIDDIQUI, THE | ) | |
| ADMINISTRATION, and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff filed this civil action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Complaint was reviewed pursuant to 28 U.S.C. §§ 1915 and 1915A, and six counts were identified to be used in all future pleadings and Orders (Doc. 10). Count 4 was dismissed on the basis that those claims were frivolous or failed to state a claim upon which relief could be granted. However, several counts were allowed to proceed as follows: Count 1 - against Defendant Flagg alleging that he violated Plaintiff's First and Fifth Amendment rights by denying Plaintiff's request to take a correspondence course; Count 2 - against Defendants Brown and Siddiqui for deliberate indifference to Plaintiff's serious mental health needs; Count 3 - against unspecified defendants for unconstitutional retaliation; and Counts 5 and 6 - against Defendant Feinerman alleging deliberate indifference to Plaintiffs serious medical needs.

Plaintiff properly filed an Amended Complaint (Doc. 16) on December 15, 2006, adding Defendants Terry Eplin and "The Administration"[1] as defendants in Count III, and Defendant

---

[1] Defendant clarifies that the "Administration" is comprised of John Doe #1, John Doe #2, John Doe #3 and so on. (Doc. 16 at 12).

Brown as a defendant in Counts 5 and 6. Defendants Eplin and Brown were dismissed by the Court's March 28, 2008 Memorandum and Order (Doc. 52).

This matter is now before the Court, *sua sponte*, in that upon further review of the Amended Complaint, it appears that Plaintiff has improperly joined defendants in this action.

**Counts 5 and 6**

**FEDERAL RULE OF CIVIL PROCEDURE 18(a)** permits Plaintiff to assert all of his claims against one defendant in a single civil action. As such, Plaintiff may properly bring Count 5 and Count 6 in the same complaint. Although Count 5 and Count 6 allege separate unrelated transactions, in both counts Plaintiff seeks relief against Defendant Feinerman. Accordingly, Counts 5 and 6 shall remain in this present action. All motions will remain pending except for two of the motions for summary judgment (Docs. 65 & 73) for the reasons set forth below.

**Count 1**

Count 1 of the complaint, however, seeks relief only against Defendant Flagg. The claims asserted in this count regard Plaintiff's request to take a correspondence course and does not arise from the same transaction, occurrence, or series of transactions or occurrences as any other count contained in Plaintiff's Amended Complaint. Further, Defendant Flagg is not a defendant in any other count. The Seventh Circuit recently confirmed that separate, unrelated claims belong in different suits. *George v. Smith*, **507 F.3d 605, 607 (7th Cir. 2007)**.

Accordingly, Count 1 is **ORDERED SEVERED** from this cause of action and the Clerk is **DIRECTED** to open Count 1 as a separate action. A new case number shall be assigned and an additional filing fee assessed; however, if Plaintiff files a motion to voluntarily dismiss this newly opened case within forty-five (45) days of this Order, the Court will not assess the filing fee.

Plaintiff is **ADVISED** that appeals from any Order entered in the newly severed action may not be appealed in this present action, 05-cv-102-MJR, but must be appealed in the severed action only. In addition, the only motion that will remain pending in this severed cause of action is the Motion for Summary Judgment (Doc. 65), filed by Defendant Flagg on July 15, 2008.

The Pending Motion for Extension of Time to Complete Discovery, Motion to Appoint Counsel, and Motion for an Injunction (Doc. 59) will not remain pending in the severed action, but Plaintiff may renew his motion in the severed action if he so chooses.

**Count 2**

Count 2 of the complaint seeks relief against Defendants Brown[2] and Siddiqui for deliberate indifference to Plaintiff's serious mental health needs in that Plaintiff alleges his medication was discontinued due to its cost. This claim does not arise from the same transaction, occurrence, or series of transactions or occurrences as any other count contained in Plaintiff's Amended Complaint. In addition, Defendants Brown and Sidduqui are not defendants in any other count.

Accordingly, Count 2 is **ORDERED SEVERED** from this cause of action and the Clerk is **DIRECTED** to open Count 2 as a separate action and assign a new case number. A second filing fee shall be assessed unless Plaintiff voluntarily moves to dismiss this newly opened case within forty-five (45) days of this Order, in which case the Court will waive the fee.

Plaintiff is again **ADVISED** that appeals from any Order entered in the newly severed action may not be appealed in this present action, 05-cv-102-MJR, but must be appealed in the severed action only.

---

[2] Defendant Brown was dismissed as a defendant by the Court's March 28, 2008 Memorandum and Order (Doc. 52).

Further, the only motions that will remain pending in this newly severed action are the Motion for Extension of Time to File (Doc. 64) and the Motion for Summary Judgment (Doc. 73) as those two motions relate to Defendant Siddiqui.

The Pending Motion for Extension of Time to Complete Discovery, Motion to Appoint Counsel, and Motion for an Injunction (Doc. 59) will not remain pending in the severed action, but Plaintiff may renew his motion in the severed action if he so chooses.

**Count 3**

In Count 3, Plaintiff alleges unconstitutional retaliation by unspecified defendants, which Plaintiff names as "the Administration" comprised of John Doe #1, John Doe #2, etc. In this count, Plaintiff alleges that these unnamed individuals conspired to retaliate against him for filing grievances in that he was fired from his position in the maintenance department and transferred to another correctional facility. Count 3 does not involve the same transaction, occurrence, or series of transactions or occurrences as any other count in Plaintiff's complaint.

Accordingly, Count 3 is **ORDERED SEVERED** from this cause of action and the Clerk is **DIRECTED** to open Count 3 as a separate action and assign a new case number. A separate filing fee shall be assessed unless Plaintiff voluntarily moves to dismiss this newly opened case within forty-five (45) days from the date of this Order, in which case the Court will waive the fee.

Plaintiff is again **ADVISED** that appeals from any Order entered in the newly severed action may not be appealed in this present action, 05-cv-102-MJR, but must be appealed in the severed action only. There will be no pending motions in the severed action.

Although the Pending Motion for Extension of Time to Complete Discovery, Motion

to Appoint Counsel, and Motion for an Injunction (Doc. 59) will not remain pending in the severed action, Plaintiff may renew his motion in the severed action if he so chooses.

**Conclusion**

The only claims that remain in this present action are Counts 5 and 6 against Defendant Feinerman. Counts 1, 2, and 3 shall be severed into separate actions. Each of these severed actions require new filing fees to be assessed, except that the Court will waive the assessment of a filing fee in each severed case that Plaintiff moves to voluntarily dismiss within forty-five (45) days of this Order.

The details regarding the payment of filing fees and Plaintiff's IFP status will be designated by separate Order in each severed action.

**IT IS SO ORDERED.**

DATED this 30 day of September 2008

s/ MJR
**MICHAEL J. REAGAN**
**United States District Judge**