IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT R. DUCEY, )
)
    Plaintiff, )
)
v. ) Case No. 3:08-cv-693 MJR
)
THE ADMINISTRATION and JOHN DOES, )
)
    Defendants. )

**REPORT AND RECOMMENDATIONS**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for disposition of pretrial matters. For the reasons set forth below, it is **RECOMMENDED** that Plaintiff Scott R. Ducey be **DISMISSED** for failure to prosecute, that the action be **DISMISSED** in its entirety, and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Plaintiff, a prisoner acting *pro se*, filed a lawsuit on February 16, 2005, against a number of Illinois Department of Corrections officials for violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). On September 30, 2008, the Court severed Plaintiff's claims into four separate lawsuits because a plaintiff may not try unrelated claims in a single action (Doc. 77). *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a). As a result of that order, Plaintiff's only claim in this case is against "the Administration" and John Does 1 and 2 for retaliating against him for filing grievances (Doc. 77).

In the threshold review of the action, entered on September 19, 2006, the Court found that Plaintiff had alleged facts sufficient to state a claim of unconstitutional retaliation by prison officials

for filing grievances (Doc. 10, p. 7). The Court noted, however, that Plaintiff had not specified by name the individuals who retaliated against him. The Court informed Plaintiff that he would not be allowed to proceed on the retaliation claim until he had identified those individuals on USM-285 forms and in an amended complaint (Doc. 10, p. 8).

On December 15, 2006, Plaintiff filed an amended complaint in which he described John Doe 1 as the Warden of Pinckneyville Correctional Center at the time the claims in the complaint arose, John Doe 2 as the Assistant Warden of Operations at Pinckneyville at the time the claims in the complaint arose, and the Administration as a three member panel responsible for all prisoner placement and transfer decisions (Doc. 16). Although he did not identify any members of the panel by name, he stated his belief that it consisted of John Does 1, 2, and 3. Plaintiff did not identify any John Doe defendant by name in the amended complaint. On May 14, 2008, Plaintiff was ordered to identify by name the Administration, and John Does 1 and 2 by June 6, 2008. Plaintiff was warned that his failure to do so could result in dismissal of the action (Doc. 57).

On April 23, 2009, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute and failure to comply with the Court's orders (Doc. 83). The Court explicitly warned Plaintiff that his failure to respond to the Order to Show Cause in writing by May 22, 2009, would result in a recommendation to the District Court that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff has not filed any documents with the Court in this action since issuance of the Order to Show Cause.

**CONCLUSIONS OF LAW**

A district court may dismiss *sua sponte* an action for failure to prosecute under Federal Rule of Civil Procedure 41(b) as part of its "inherent power" to control its docket "to achieve the orderly and expeditious disposition of cases." *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir.

2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989). Actions may be dismissed under 41(b) "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. Of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)).

"Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *James*, 417 F.3d at 681 (quoting *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993) (other citations omitted)). A judge "should not dismiss a case for failure to prosecute without due warning." *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000).

Plaintiff was first informed in September of 2006 that he must identify by name the John Does listed in his complaint on USM-285 forms and in an amended complaint before he would be allowed to proceed on his claim against them. Plaintiff filed an amended complaint in December 2006, but the complaint did not identify by name any individual who retaliated against him. Plaintiff did not file any USM-285 forms. On May 14, 2008, Plaintiff was ordered to identify by name the Administration and John Does 1 and 2 by June 6, 2008. Plaintiff was informed that without names and USM-285 forms, the defendants could not be served. Plaintiff was also warned that his failure to identify the individuals and provide the forms could result in dismissal of the action. Plaintiff did not comply with that order. He did not identify any individuals by name, nor did he file any USM-285 forms. As a result, on April 23, 2009, Plaintiff was ordered to show cause in writing by May 22, 2009, why his case should not be dismissed for failure to prosecute and failure to comply with the

Court's orders. That deadline has passed and despite the explicit warning that he must do so, Plaintiff has not filed any response.

The Court finds in the facts described above demonstrate a clear record of delay and contumacious conduct by Plaintiff. Plaintiff has failed to heed any of the Court's warnings, dating back to 2006, that he must identify the John Doe defendants by name. As a result, none of the unnamed defendants have been served and none have answered the complaint. Further, Plaintiff failed to respond to the Court's order that he show cause why the case should not be dismissed. In short, Plaintiff has taken no action that would indicate he intends to continue the litigation or to comply with the Court's orders. The Court concludes, therefore, that Plaintiff has abandoned this lawsuit.

## CONCLUSION

Accordingly, for the reasons set forth above, it is **RECOMMENDED** that Plaintiff Scott R. Ducey be **DISMISSED** for failure to prosecute the action, that the action be **DISMISSED** in its entirety, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 17, 2009**

s/*Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
